[Doc. No. 4]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| **STRIKE 3 HOLDINGS, LLC,**<br><br>              **Plaintiff,**<br><br>   v.<br><br>**JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 108.24.72.29,**<br><br>              **Defendant.** | Civil No. 21-3074 (RMB/MJS) |

**OPINION AND ORDER**

This matter is before the Court on the "Motion Seeking Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference" ("motion") [Doc. No. 4] filed by plaintiff, Strike Three Holdings, LLC. Plaintiff's motion alleges the John Doe defendant assigned to IP address 108.24.72.29 infringed its copyrighted works. Plaintiff's only identifying information for defendant is the IP address. Accordingly, plaintiff seeks limited discovery in advance of the Fed. R. Civ. P. 26(f) conference so that plaintiff may obtain defendant's name and address from his or her internet service provider ("ISP"), Verizon Fios ("Verizon"). The Court exercises its discretion to decide plaintiff's motion without oral argument. See Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons to be discussed, plaintiff's motion is **GRANTED.**

1

**Background**

Plaintiff holds the copyright to a multitude of adult films and content. See Declaration of David Williamson, Ex. A [Doc. No. 4-2] at ¶ 13. Plaintiff alleges defendant used a file distribution network known as BitTorrent to copy and distribute plaintiff's copyrighted works to others. See Compl. at ¶¶ 28-43.

Plaintiff discovered defendant's infringement through reports from its infringement detection system, "VXN Scan." See Compl. ¶ 28; Williamson Decl. ¶¶ 40-81 [Doc. No. 4-2]. Using VXN Scan, plaintiff initially identified defendant while it was monitoring the BitTorrent file distribution network for the presence of potentially infringing transactions. See Compl. ¶¶ 28-37, see also Paige Decl. ¶¶ 12-18 [Doc. No. 4-3]. Plaintiff's VXN Scan connected to an electronic device registered to defendant's IP address. See Paige Decl. ¶¶ 15-18. After the connection, defendant's IP address was documented distributing plaintiff's copyrighted content. See id. ¶¶ 18-26. Thereafter, plaintiff filed suit against defendant alleging direct infringement of its copyrighted works. See Compl. ¶¶ 47-52.

In order to identify the actual defendant, plaintiff seeks leave to file a FED. R. CIV. P. 45 subpoena on defendant's ISP, Verizon. Mot. Br. at 3 [Doc. No. 4-1]. The subpoena would direct Verizon to divulge "only the name and address" of the subscriber

assigned the IP address at the "specific date and time(recorded down to the second)" of one of the alleged instances of recorded infringement, subject to the terms of a protective order. Id. at 3, 14-15.

**Discussion**

Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b). However, despite the broad scope of discovery, parties are generally barred from seeking discovery before the parties participate in a conference in conformance with Rule 26(f). See FED. R. CIV. P. 26(d)(1). Nonetheless, in certain circumstances, a court "may grant [a party] leave to conduct discovery prior to" the Rule 26(f) conference. Malibu Media, LLC v. John Doe subscriber assigned IP address 47.20.202.138, C.A. No. 16-942 (KM/MAH), 2016 WL 952340, at *1 (D.N.J. Mar. 14, 2016) (citing Better Packages, Inc. v. Zheng, No. 05-4477 (SRC), 2006 WL 1373055, at *2 (D.N.J. May 17, 2006)).

To determine if expedited discovery is appropriate, a court should apply a "good cause" test. Malibu Media, LLC v. Doe, No. 15-8940 (MCA/MAH), 2016 WL 614414, at *2 (D.N.J. Feb. 16, 2016); Century Media, Ltd. v. John Does 1-77, C.A. No. 12-3911 (DMC/JAD), 2013 WL 868230, at *2 (D.N.J. Feb. 27, 2013). "Good cause exists where 'the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the

3

responding party.'" Malibu Media, 2016 WL 614414, at *1 (citation omitted). Further, a court should consider (1) the timing of the request in light of the formal start to discovery; (2) whether the request is narrowly tailored; (3) the purpose of the requested discovery; (4) whether discovery burdens the defendant; and (5) whether defendant can respond to the request in an expedited manner. See Better Packages, 2006 WL 1373055, at *3.

Plaintiff contends there is good cause for this Court to grant its motion because: (1) it makes a prima facie claim for direct copyright infringement, (2) the timing of its request in light of the formal start of discovery favors granting the relief; (3) it has narrowly tailored and identified the limited and specific information sought; (4) the purpose of the requested discovery and the need for the information sought in order to advance the claim favors granting relief; (5) the discovery does not burden defendant or require defendant to respond in an expedited manner; (6) there are no alternative means to obtain defendant's true identity; and (7) defendant's privacy interest is outweighed by plaintiff's interest in protecting its copyrights. Mot. Br. at 8-21.

The Court finds plaintiff has demonstrated good cause to serve a Rule 45 subpoena on Verizon prior to a Rule 26(f) conference. The information being sought is necessary to allow plaintiff to identify the appropriate defendant, and to serve the amended complaint. See Malibu Media, 2016 WL 614414 at *2 (permitting

4

limited discovery where a defendant is unidentified). This ruling is consistent with other holdings in similar cases. See, e.g., Strike 3 Holdings, LLC v. Doe, C.A. No. 1:18-12585 (NLH/JS), 2020 WL 3567282, at *11 (D.N.J. June 30, 2020) (finding good cause to permit plaintiff limited expeditated discovery); Manny Film LLC v. Doe Subscriber Assigned IP Address 50.166.88.98, 98 F. Supp. 3d 693, 696 (D.N.J. 2015) (finding good cause to allow plaintiff to discover the name and address of an IP subscriber); Malibu Media, 2016 WL 614414, at *2 (same); Good Man Prods., Inc. v. Doe, C.A. No. 14-7906 (ES/MAH), 2015 WL 892941, at *3 (D.N.J. Mar. 2, 2015) (same).

However, Courts impose safeguards to protect the privacy rights of potentially innocent third parties. Strike 3 Holdings, 2020 WL 3567282, at *11 (finding the "entry of a limited protective order strikes the right balance of interest" between plaintiff's right to pursue "its intellectual property rights" and concerns of defendant's "misidentification or privacy exposure"); Manny Film, 98 F. Supp.3d at 696 (limiting subpoena to the name and address of the account holder and requiring the ISP to provide notice to the subscriber in order to provide the subscriber with an opportunity to challenge the subpoena before the ISP releases the information requested). The Court adopts the reasoning of these cases and thus, for the reasons that follow, the Court will grant plaintiff's

request for entry of a protective order and limit its discovery request to ensure an innocent party is not unduly burdened.

The Third Circuit has long recognized a presumptive right of public access to judicial records and documents. Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 164 (3d Cir. 1993). However, while there is a presumptive right of public access to judicial proceedings and records, district courts have recognized such right is not absolute; and further, that this presumption may be rebutted. In re Cendant Corp., 260 F.3d 183, 194 (3d Cir. 2001).

To overcome the presumption of openness and to justify the entry of an order sealing judicial records requires a demonstration of two elements: (1) a substantial and compelling interest in confidentiality; and (2) that divulgence would work a clearly defined and serious injury to the party seeking nondisclosure. Pansy v. Borough of Stroudsburg, 23 F.3d 772, 787 (3d Cir. 1994). Once these elements are established, the Court must engage in a balancing process, weighing the common law presumption of access against those factors that militate against access. See In re Cendant Corp., 260 F.3d at 194; Republic of Philippines v. Westinghouse Elec. Corp., 949 F.2d 653, 662 (3d Cir. 1991) (a presumption of access alone does not end the court's inquiry as the right to access judicial records is not absolute; indeed, a "presumption is just that" and may therefore be rebutted). On September 30, 2016, the United States District Court for the

6

District of New Jersey adopted Local Civil Rule 5.3, entitled "CONFIDENTIALITY ORDERS AND RESTRICTING PUBLIC ACCESS UNDER CM/ECF," most recently amended on March 24, 2021, which sets forth the relevant procedural rules for filing documents under temporary seal by parties and empowers the Court to permanently seal documents.

FED. R. CIV. P. 26(c) provides, in relevant part, that a court may "for good cause shown, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

Plaintiff Strike 3 Holdings, LLC has consented to the entry of this Protective Order.

**Conclusion**

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** this **2nd** day of **July 2021**, that plaintiff's "Motion Seeking Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference Subject to a Protective Order" [Doc. No. 4] is **GRANTED**; and it is further

**ORDERED** that plaintiff may serve a Rule 45 subpoena on Verizon Fios, defendant's ISP, which assigned the IP address associated with defendant: 108.24.72.29. In the subpoena plaintiff may only request information regarding the name and address associated with the IP address. This Order shall be attached to the subpoena; and it is further

7

**ORDERED** that upon receipt of plaintiff's subpoena, the ISP shall have thirty (30) days to provide the IP subscriber with a copy of this Order and plaintiff's subpoena. Upon receipt of the subpoena and this Order, the IP subscriber has thirty (30) days in which to file a motion to quash, move for a protective order, or seek other applicable relief. If the IP subscriber chooses to contest the subpoena, he/she must notify the ISP of his/her intent so that the ISP is on notice not to release personal information to plaintiff until the issue is resolved by the Court; and it is further

**ORDERED** that if the IP subscriber does not contest the subpoena within thirty (30) days of receipt of the subpoena and this Order, the ISP shall provide plaintiff with the requested information within twenty-one (21) days. Any information plaintiff receives from the ISP may only be used for the purpose of protecting its rights as set forth in the complaint, and any amended complaint in this matter; and it is further

**ORDERED** that plaintiff shall not publicly disclose any information identifying the defendant and/or any person associated with the defendant or IP address, including, but not limited to, alleged social media evidence and alleged BitTorrent activity, absent express permission by this Court; and it is further

**ORDERED** that plaintiff shall attach a copy of this Order along with the attached "Notice to Defendant" and "Anonymous Pro Se

8

Defendant Information" form to any ISP subpoena or Amended Complaint served in this matter; and it is further

**ORDERED** that, in the event the defendant elects to (1) proceed anonymously, (2) files a motion to quash or otherwise modify the subpoena on the ISP, and (3) files an Anonymous Pro Se Defendant Form, the Clerk of the Court shall not file the Anonymous Pro Se Defendant Information form on the public docket but shall file that information under temporary seal until otherwise ordered by the Court. The Clerk shall file a redacted version of the Anonymous Pro Se Defendant Information form on the public docket, removing all information entered by the defendant; and it is further

**ORDERED** that plaintiff is prohibited from initiating, directly or indirectly, any settlement communications with defendant (or any person associated with defendant or the IP address), unless (1) that party is represented by counsel and (2) their counsel initiates settlement discussions. On request of plaintiff or an unrepresented party, submitted to the Court at any time, settlement shall be conducted under supervision of the Court. This paragraph shall not prevent plaintiff from responding to a request for settlement communications from a represented party, and the parties may engage in settlement negotiations without court supervision if both are represented by counsel; and it is further

**ORDERED** that plaintiff shall only identity defendant, and/or any person associated with defendant or the IP address, with an

appropriate "Doe" pseudonym in the captions of amended pleading(s) and any documents filed publicly with the Court; and it is further

**ORDERED** that all documents identifying the defendant and/or any person associated with the defendant or the IP address, including, but not limited to, alleged social media evidence and alleged BitTorrent activity, shall only be filed in redacted form, with unredacted versions filed under temporary seal, pursuant to L. CIV. R. 5.3(c); and it is further

**ORDERED** that, unless the parties agree otherwise, plaintiff shall have primary responsibility for filing a single, consolidated motion on behalf of all the parties to permanently seal documents filed under temporary seal, pursuant to L. CIV. R. 5.3(c); and it is further

**ORDERED** that for purposes of calculating the deadline to file a single consolidated motion on behalf of the parties to permanently seal the Amended Complaint, Civil Cover Sheet, Proof of Service, and/or Waiver of Service in this matter, such motion shall be filed within fourteen (14) days of the expiration of the deadline to answer, move, or otherwise respond to the Amended Complaint; and it is further

**ORDERED** that if the defendant (and/or any person associated with the defendant or IP address) declines, or does not respond to requests, to join in the motion to seal the Amended Complaint, Civil Cover Sheet, Proof of Service, and/or Waiver of Service in

this matter by providing an affidavit, declaration, certification or other document of the type referenced in 28 U.S.C. § 1746, based on personal knowledge, describing with particularity the factors outlined L. Civ. R. 5.3(c)(3), plaintiff shall promptly notify the Court and request a determination of whether the documents should nevertheless be permanently sealed; and it is further

**ORDERED** that after defendant is served with process (or waives service of process), the parties shall meet-and-confer prior to the Rule 26(f) conference to discuss submission to the Court of (1) a proposed Discovery Confidentiality Order ("DCO") and (2) a proposed Electronically Stored Information ("ESI") Protocol. See L. Civ. R. 26.1(d); and it is further

**ORDERED** for good cause the Court reserves the right to amend or supplement this Order.

s/ Matthew J. Skahill  
MATTHEW J. SKAHILL  
United States Magistrate Judge

At: Camden, New Jersey